UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVINGSTON CHRISTIAN SCHOOLS,

        Plaintiff,

                                      Case No. 15-CV-12793

vs.

                                      HON. GEORGE CARAM STEEH

GENOA CHARTER TOWNSHIP,

        Defendants.
_____/

ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEY FEES (DOC. 52)

Plaintiff Livingston Christian Schools (LCS) brought this action against Defendant Genoa Charter Township (Township) under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, the First Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution. The court entered its order granting the Township's motion for summary judgment on June 30, 2016, and judgment entered for defendants the same day. Now before the court is the Township's motion for attorney fees. Because the court finds that it would not be assisted by oral argument, the matter is ordered submitted on the briefs in accordance with E.D. Mich. LR 7.1(f).

42 U.S.C. § 1988(b) provides that,

> [i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

The Sixth Circuit Court of Appeals has held that "[a] prevailing *defendant* should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005) (quoting *Wayne v. Village of Sebring,* 36 F.3d 517, 530 (6th Cir.1994)) (emphasis in original).

The Township argues that it is entitled to attorney fees because LCS's suit was "frivolous, unreasonable, or without foundation." The Township insists that it was apparent from the start of the proceedings that LCS's suit would fail. Alternatively, the Township argues that, even if it was not apparent from the start of the proceedings, it was certainly apparent after the court found in its Opinion and Order Denying Plaintiff's Emergency Motion for Temporary Restraining Order (TRO Order) that LCS was not likely to succeed on the merits. The court disagrees.

LCS's claims were not "frivolous, unreasonable, or without foundation" at the start of the proceedings or at any point throughout. The thoughtful and lengthy analysis the court underwent in granting the Township's motion for summary judgment is evidence of as much. Regarding LCS's RLUIPA claim, the court relied on the Sixth Circuit Court of Appeals decision in *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729 (2007) in holding that the Township's denial of LCS's special use permit did not create a substantial burden under the RLUIPA. This substantial burden standard, however, is not well established in the Sixth Circuit. While this court found its reasoning persuasive, *Living Water* is an unpublished decision. Moreover, an adverse decision regarding LCS's likelihood of success in the court's TRO Order did not preclude LCS from proceeding with its case and further buttressing its arguments. It is

clear that LCS's RLUIPA claims were *not* "frivolous, unreasonable, or without foundation."

While the Township did not spend much time discussing LCS's First and Fourteenth Amendment claims in this motion, the court also finds them not to be "frivolous, unreasonable, or without foundation." It was not clear from the outset of the case that the Township applied the ordinance in a neutral manner, especially given the secular driver training program that was operating on the same grounds. It was likewise unclear at the outset whether LCS had a property interest in the special use permit. These claims were not addressed in the court's TRO Order, and the Township's argument to that end is, therefore, inapplicable here. Although the court ultimately dismissed both of these claims, it cannot be said that LCS's arguments were "frivolous, unreasonable, or without foundation."

IT IS THEREFORE ORDERED that Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated:  August 23, 2016

>                    s/George Caram Steeh
>                    GEORGE CARAM STEEH
>                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 23, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---