UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVINGSTON CHRISTIAN SCHOOLS,

        Plaintiff,

                                  Case No.  15-12793
vs.                                   HON.  GEORGE CARAM STEEH

GENOA CHARTER TOWNSHIP,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION (DOC. 61)

Plaintiff Livingston Christian Schools brought this action, alleging that defendant Genoa Charter Township violated plaintiff's rights under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, the First Amendment, and the Fourteenth Amendment.  The Court granted summary judgment for defendant on June 30, 2016.  (Doc. 47).  Defendant filed a motion for attorney's fees which was scheduled for determination without oral argument.  (Doc. 53).  The Court set deadlines for response and reply briefs.  (*Id.*).  Plaintiff filed a response.  The Court then issued an order denying the motion without

awaiting the filing of defendant's reply. (Doc. 59). Defendant now moves for reconsideration of this order.

"In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title" or RLUIPA "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "A prevailing *defendant* should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)) (emphasis in original). The Court denied defendant's motion for attorney's fees after ruling that plaintiff's claims were not frivolous, unreasonable, or without foundation at any point throughout the proceedings. (Doc. 59 at 2).

Local Rule 7.1(h)(3) governs the grounds for motions for rehearing or reconsideration, stating:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons

> entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Defendant asserts that the Court made a palpable defect when it ruled before a reply brief was filed.  This brief would have included two categories of facts which defendant believes the Court overlooked in its order.  Defendant asserts that evaluating these facts will result in a finding that plaintiff's claims were frivolous, and therefore, attorney's fees are merited.  Defendant's argument fails.

Defendant first proposes that the Court was misled by failing to consider the facts surrounding plaintiff's ownership of the Pinckney property.  Defendant states that plaintiff owned this property at the time that defendant denied plaintiff's SLU permit to operate a school on the premises of the Brighton Church of the Nazarene.  Therefore, plaintiff had an alternative location available to operate its school and defendant's decision to deny the permit did not impose a substantial burden on plaintiff.

The Court will not grant defendant's motion for reconsideration on this ground because it merely presents an issue on which the Court has already ruled.  The Court's order recounts defendants' argument that plaintiff's claims were frivolous, unreasonable, or without foundation.  Although the

Court did not recount each facet of this argument, it is a reasonable conclusion that the Court weighed all of the circumstances presented in support of this argument, including the lack of burden due to the existence of an alternative location. Therefore, a reply brief repeating this argument would not alter the Court's decision.

Defendant also asserts that the Court was misled in failing to consider facts regarding the impossibility of using the Church of Nazarene for the 2015-2016 school year. Defendant states that the Church had not completed construction of the addition intended to house plaintiff's school nor did it obtain a Certificate of Occupancy until March 2016, more than seven months after defendant denied the permit request. This argument was not raised in defendant's motion or prior filings. Although defendant presents a new issue, addressing these facts does not lead to a finding that plaintiff's claims were frivolous. If defendant approved the permit, perhaps construction circumstances would have differed and plaintiff could have used the Church for the 2015-2016 school year. Therefore, this matter does not alter the Court's prior ruling.

Defendant fails to meet the standard governing the grounds for reconsideration. Therefore, defendant's motion is DENIED. Plaintiff's

- 5 -

claims were not frivolous, unreasonable, or without foundation.  As such, attorney's fees are not warranted.

    IT IS SO ORDERED.

Dated:  February 7, 2017

                                            <u>s/George Caram Steeh</u>
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 7, 2017, by electronic and/or ordinary mail.

<u>s/Marcia Beauchemin</u>
Deputy Clerk

---